IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD SANTISTEVAN,**

        **Plaintiff,**

v.                                                     CIV 02-1170 LAM

**JO ANNE B. BARNHART,**
**Commissioner, Social Security Administration,**

        **Defendant.**

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure (*Doc. 16*). In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion, Defendant's response to the motion, Plaintiff's reply to the response and relevant law. Additionally, the Court has carefully reviewed and considered the entire administrative record (hereinafter, "*R.*"). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED**, and this case **REMANDED** to Defendant for further proceedings consistent with this Memorandum Opinion and Order.

## I.  Procedural History

Plaintiff, Richard Santistevan, filed an application for supplemental security income payments on October 20, 2000. (*R. at 43-45*.) In connection with his application, he alleged a disability since October 20, 2000, due to Hepatitis C and severe pain in his shoulders, neck, back and head. (*R. at 43,*

*53.*) There is also evidence in the record that Plaintiff has suffered from fibromyalgia, depression and dysthymia. (*R. at 101, 139, 150-152.*) It is undisputed that Plaintiff has a history of polysubstance abuse. Thus, the relevant time frame is from October 20, 2000, through March 7, 2002, the date the Administrative Law Judge (hereinafter, "ALJ") issued his decision. Plaintiff's application was denied at the initial and reconsideration levels. (*R. at 21-24, 28-30.*)

The ALJ conducted a hearing on February 12, 2002. Plaintiff was not represented by an attorney at the hearing. (*R. at 302-303.*) On March 7, 2002, the ALJ made the following findings, *inter alia,* with regard to Plaintiff pursuant to the sequential analysis set forth in 20 C.F.R. § 416.920: (1) claimant has not engaged in substantial gainful activity since the alleged onset of disability; (2) claimant has an impairment or combination of impairments considered "severe"; (3) claimant's impairments do not meet or equal a listed impairment; (4) claimant's allegations regarding his limitations are not totally credible; (5) but for the effects of his polysubstance abuse, claimant has the residual functional capacity for light exertional work; (6) claimant is unable to perform his past relevant work; (7) if not for his chronic polysubstance abuse, claimant would not be disabled; (8) claimant's polysubstance abuse is a contributing factor material to the determination of disability; and (9) claimant was not under a "disability" as defined in the Social Security Act at any time through the date of the decision. (*R. at 17-18.*)

The ALJ entered his decision on March 7, 2002. (*R. at 10-18.*) Thereafter, Plaintiff filed a request for review. (*R. at 6.*) On July 23, 2002, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the decision of the ALJ. (*R. at 4-5.*) The ALJ's decision became the final decision of the Commissioner of Social Security (hereinafter, the "Commissioner").

Plaintiff subsequently filed his complaint for court review of the ALJ's decision on September 16, 2002 (*Doc. 1*).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (further citation omitted)).  The decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

## III.  Plaintiff's Medical History

Plaintiff is forty years old.  (*R. at 43.*)  He has a GED (*R. at 59, 310.*)  He has worked in the past as an iron worker.  (*R. at 54.*)  Plaintiff has a history of multiple shoulder surgeries.  (*R. at 173-174, 250-253, 296.*)  He also has a history of complaints and treatment for shoulder pain, back pain and neck pain.  (*R. at 120, 129, 138, 144-145, 148, 158, 161.*)  He has a history of head injury and head surgery.  (*R. at 154, 296.*)  He also has a history of drug and alcohol use (*R. at 127-128*), and has been treated for substance abuse.  (*R. at 107-120, 125-127, 150-151.*)  Plaintiff has been diagnosed with fibromyalgia (*R. at 139, 158*), and he has a history of Hepatitis C (*R. at 132, 147, 155*), and chronic headaches (*R. at 133, 155, 246*).  In September of 2000, Plaintiff was referred for a psychiatric evaluation for depression with suicidal ideation but he left the Veterans Administration hospital before arrangements could be made for a psychiatric evaluation.  (*R. at 150-151.*)  On

February 23, 2001, Plaintiff was evaluated by a consultative psychiatrist who made the following psychiatric diagnosis: "[a]lcohol abuse/dependence in remission, cocaine dependence in remission, amphetamine dependence, in remission and dysthymic disorder." (*R. at 101*.) The consultative psychiatrist assigned Plaintiff a then current GAF score of 50 (serious impairment). (*R. at 101*.)

## IV.  Discussion/Analysis

Plaintiff contends, *inter alia*, that the ALJ erred in: (1) his determination of whether drug addiction and alcoholism were a contributing factor material to the determination of Plaintiff's disability; and (2) his determination of Plaintiff's credibility.  Plaintiff also appears to argue that the ALJ erred in finding that Plaintiff could return to his past work, in failing to find that Plaintiff is disabled due to his combined physical and mental impairments without regard to the effects of his use of drugs and alcohol, and in failing to include certain restrictions and limitations in his assessment of Plaintiff's residual functional capacity.

### A.  *Evaluation of Plaintiff's Drug and Alcohol Abuse*

In his decision, the ALJ found that Plaintiff would be disabled at step five of the sequential analysis, considering Plaintiff's impairments, the effects of his ongoing polysubstance abuse and the testimony of the vocational expert which the ALJ adopted. (*R. at 17*.)  However, the ALJ found that Plaintiff's polysubstance abuse was a factor material to the determination of his disability and without the effects of drug and alcohol abuse Plaintiff would not be disabled. (*Id.*) Therefore, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act. (*Id.*)

When there is medical evidence, as in this case, of drug addiction or alcoholism by a supplemental security income claimant, the ALJ must follow a specific procedure for determining whether the drug addiction or alcoholism is a contributing factor material to the determination of

4

disability. This procedure is set forth in 20 C.F.R. § 416.935. This procedure first requires that the ALJ determine whether the claimant is disabled, taking into account his drug addiction or alcoholism, and whether there is medical evidence of his drug addition or alcoholism. If the answer is "yes", then the ALJ must determine whether the claimant would still be found disabled as a result of his impairments if he stopped abusing drugs or alcohol. If the claimant would still be found disabled if he stopped abusing drugs or alcohol, then he is disabled independent of his drug addiction or alcoholism and the latter is not a contributing factor material to the determination of disability. *See* 20 C.F.R. § 416.935.

In making the determination of whether the claimant would still be found disabled if he stopped abusing drugs or alcohol, the ALJ must: (1) evaluate which of the claimant's current physical and mental limitations would remain if he stopped using drugs or alcohol; and then (2) determine whether any or all of the claimant's remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). S*ee also, Drapeau v. Massanari*, 255 F.3d 1211, 1214-1215 (10th Cir. 2001) (holding ALJ must follow procedure outlined in 20 C.F.R. § 416.935 to determine whether alcoholism is a contributing factor material to supplemental security income applicant's disability).

In this case, the ALJ's analysis did not follow the procedure required by 20 C.F.R. § 416.935. The ALJ made three findings in his decision related to Plaintiff's use of drugs and alcohol. In finding number 6, the ALJ found that "[b]ut for the effects of the claimant's polysubstance abuse, he has the residual functional capacity for light exertional level work." (*R. at 18*.) In finding number 11, he found that "claimant's polysubstance abuse is a contributing factor material to the determination of disability". (*Id.*) And in finding number 13, he found that "[i]f not for the claimant's chronic polysubstance abuse, he would not be disabled." *(Id.)* Each of these findings is conclusory. There

is no analysis, as required by 20 C.F.R. § 416.935(b)(2), as to which of Plaintiff's physical and mental limitations would remain if he stopped using drugs or alcohol, and no analysis, as required by 20 C.F.R. § 416.935(b)(2), of whether any or all of these remaining limitations would be disabling. The other references in the ALJ's decision to Plaintiff's use of drugs and alcohol are similarly conclusory.[1] The ALJ did not provide any analysis of why he found that Plaintiff's polysubstance abuse was a contributing factor material to the determination of disability, did not discuss or mention the evidence he considered and relied upon, and did not demonstrate that he followed the procedure required by 20 C.F.R. § 416.935 for his determination.

It is apparent that the ALJ made several legal errors. First, the ALJ is required to carefully consider all the relevant evidence and link his findings to specific evidence. *See, e.g., Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996) (holding "[t]he record must demonstrate that the ALJ considered all of the evidence," and the ALJ must "discuss[] the evidence supporting his decision . . . ."). As the Court noted in *Clifton*, bare conclusions are "beyond meaningful judicial review." *Id.* at 1009. Here the ALJ provided only his conclusions regarding Plaintiff's drug and alcohol use, without any explanation or discussion of the evidence. This precludes meaningful review by the Court. Second, the ALJ failed to demonstrate that he followed the procedure required by 20

---

[1]Without analysis or evaluation of the evidence, the ALJ made the following additional conclusory findings: (1) Plaintiff "has physical limitations secondary to reduced function of his shoulders, but those limitations are compounded by Mr. Santistevan's continued dependence on various addictive substances;" (*R. at 15*) (2) "[a]fter review of the record and discussing the claimant's long history of drug abuse with Mr. Santistevan at the hearing, the Administrative Law Judge is convinced that the claimant's polysubstance abuse is not in remission and that it is at the root of many of the claimant's problems, both physical and mental;" (*Id.*) (3) Plaintiff's "depressive problems and at least part of his problems with chronic pain relate directly to his polysubstance abuse;" (*R. at 17*) and (4) "[a]fter a thorough review of the medical evidence of record, it is clear that the claimant's polysubstance abuse is a factor material to the determination of his disability." (*Id.*)

C.F.R. § 416.935 in determining that Plaintiff's polysubstance abuse was a contributing factor material to the determination of disability. Because the ALJ failed to follow applicable legal standards, this case must be remanded to the Commissioner for further proceedings to address, in accordance with the holdings in *Drapeau* and *Clifton* and the procedure required by 20 C.F.R. § 416.935, which of Plaintiff's physical and mental limitations would remain if Plaintiff stopped using drugs and alcohol and whether any or all of Plaintiff's remaining limitations would be disabling.

### *B. Determination of Plaintiff's Credibility*

The Court also finds that the ALJ erred in his analysis of Plaintiff's credibility. In his decision, in finding number four, the ALJ stated that "the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." (*R. at 17*.) However, in the body of the decision, the only references to Plaintiff's credibility are the ALJ's conclusory statements, without explanation, that "claimant's testimony at the hearing and comments submitted for the record are not consistent with the medical evidence of record, overall" (*R. at 15*), and "claimant's testimony and allegations of pain are not wholly credible to the disabling degree alleged." (*R. at 16*.)

Social Security Ruling 96-7p provides that it is not sufficient to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." *Id*. at 4. While credibility determinations are peculiarly the province of the fact finder, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988). *See also, Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding ALJ's credibility determination inadequate where decision simply recited general factors he considered and then said claimant was not credible based on those factors). In this case, the ALJ only gave his conclusions

about Plaintiff's credibility, with no explanation or analysis. The ALJ failed to link the evidence in the record to his credibility determination. Therefore, this case should be remanded for the Commissioner to make express findings with reference to the relevant evidence considered by the ALJ in determining Plaintiff's credibility.

### V.  Other Issues

To the extent Plaintiff argues that the ALJ erred in finding that Plaintiff could return to his past work, this argument is moot. Taking into account Plaintiff's history of drug and alcohol use, the ALJ concluded, to the contrary, that Plaintiff could not perform his past relevant work. (*R. at 16, 18*.) Additionally, because the errors noted above require a remand, the Court need not address Plaintiff's argument that Plaintiff is disabled due to his combined physical and mental impairments without regard to the effects of his use of drugs and alcohol.  Finally, because the ALJ concluded that Plaintiff was disabled at step five of the sequential evaluation process taking into account his history of drug and alcohol use (*R. at 17*), Plaintiff's argument that the ALJ should have included additional restrictions and limitations in his assessment of Plaintiff's residual functional capacity is moot since the inclusion of additional restrictions and limitations would not have affected the ALJ's conclusion in this regard. However, the Court notes, in connection with the additional proceedings that will take place upon remand, that in assessing Plaintiff's residual functional capacity the ALJ must consider the total limiting effects of Plaintiff's medically determinable impairments, and any related symptoms, and otherwise comply with the requirements of 20 C.F.R.416.945. *See also,* Social Security Ruling 96-8p at 3.

## VI.  Conclusion

Based on the foregoing, the Court will **GRANT** Plaintiff's motion and **REMAND** this case to the Commissioner for further proceedings consistent with the Court's rulings in this Memorandum Opinion and Order.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Procedure (*Doc. 16*) is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**